IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-26-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JACKIE VICTOR ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 6, 2014, Jackie Victor Adams ("Adams") responded to this court's order of May 28, 2014. See [D.E. 60]. In Adams's response, he notified the court that he would like this court to recharacterize his motions for a sentence reduction as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 60]; cf. Castro v. United States, 540 U.S. 375, 377 (2003); United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008). Accordingly, the court construes Adams's motions as a section 2255 motion.

On August 18, 2008, Adams pleaded guilty, pursuant to a written plea agreement [D.E. 42], to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 41]. Although the indictment charged Adams with possession of both a firearm and ammunition, the plea agreement did not include possession of ammunition. Compare [D.E. 2] 1, with [D.E. 42] 4–5. Adams's plea agreement contained an appellate waiver. See [D.E. 42] ¶ 2.c.

On November 18, 2008, the court sentenced Adams to 188 months' imprisonment and 5 years' supervised release [D.E. 47, 48]. The court entered its judgment on November 19, 2008 [D.E. 48]. Adams did not appeal.

On May 11, 2009, Adams filed a motion to set aside his sentence. See [D.E. 50]. On October 15, 2013, Adams filed a "motion for leave to file supplemental complaint," which the court

construed as a motion for a reduction in sentence. On March 13, 2014, the government responded to both motions by filing a motion to dismiss. See [D.E. 55]. Adams responded in opposition . See [D.E. 57, 58].

In his section 2255 motions, Adams contends that he pleaded guilty only to being in possession of a firearm and not ammunition, that his sentencing guideline enhancements are unconstitutional, that the court improperly calculated his criminal history and offense level, and that he received a sentence in excess of the 10-year statutory maximum. See [D.E. 50] 1–14; [D.E. 52] 1–3.

The government asks the court to enforce the appellate waiver in Adams's plea agreement and to dismiss the section 2255 motion. See Mem. Supp. Mot. Dismiss [D.E. 56] 4–5. In his plea agreement, Adams agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Adams] at the time of [his] guilty plea." [D.E. 42] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). At his Rule 11 hearing, Adams affirmed that he had read and

2

discussed his plea agreement with his lawyer, and after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up through the waiver. See Arraignment Tr. [D.E. 61] 20–22. Thus, Adams's waiver was valid.

In his waiver, Adams reserved only the right "to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Adams's claims do not involve ineffective assistance of counsel or prosecutorial misconduct, and therefore fall within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Thus, the court enforces the waiver and dismisses Adams's section 2255 motions.

After reviewing the claims presented in Adams's motions, the court determines that reasonable jurists would not find the court's treatment of any of Adams's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 55], DISMISSES Adams's section 2255 motions [D.E. 50, 52], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 18 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge